UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 17-43910

WANDA DENT-DAWKINS, *pro se*,  Chapter 7

                Debtor.  Judge Thomas J. Tucker

_____/

**ORDER DENYING THE DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE, BUT GRANTING DEBTOR'S REQUEST TO WAIVE THE FILING FEE FOR THE MOTION TO REOPEN**

      On March 20, 2017, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. On June 27, 2017, the Court entered an order granting the Debtor a discharge under 11 U.S.C. § 727, and the bankruptcy case was closed on September 29, 2017. On October 4, 2017, the Debtor filed a motion entitled "Motion to Reopen Case to Enter Reaffirmation Agreement and to Waive Fee" (Docket # 21, the "Motion"). The Motion seeks to reopen the case for the purpose of filing a reaffirmation agreement between the Debtor and Ford Motor Credit, and requests a waiver of the filing fee for the motion to reopen the case.

      On October 5, 2017, the Court filed an order requiring the Debtor to supplement her Motion (Docket # 24, the "October 5 Order"), which stated, in relevant part: "IT IS ORDERED that no later than October 20, 2017, the Debtor must file a supplement to her Motion, attaching a copy of the reaffirmation agreement that is referred to in the Motion, and that Debtor wants to file." On October 18, 2017, the Debtor filed the supplement required by the October 5 Order (Docket # 26, the "Supplement").

      Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." Because the Motion fails to demonstrate that a reaffirmation agreement was made (*i.e.*, signed by both the Debtor and the creditor Ford Motor Credit) before the discharge order was entered in this case,[1] the Debtor has failed to show that there can be an enforceable reaffirmation agreement between these parties.

      For this reason, the Debtor has failed to demonstrate that any purpose would be served by reopening this bankruptcy case and allowing her to file the reaffirmation agreement in question. The Debtor's Motion has not demonstrated any cause or other valid reason for reopening this case. *See* 11 U.S.C. § 350(b).

---

      [1] The Reaffirmation Agreement that the Debtor filed as the Supplement was signed by the Debtor on September 21, 2017, *almost three months after* the discharge order was entered, and it was not signed by the creditor at all.

Accordingly,

IT IS ORDERED that the Motion (Docket # 21) is denied, except that the Debtor's request to waive the filing fee for the Motion is granted.

**Signed on October 24, 2017**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**